**Wen–Qin FENG, Petitioner,**

v.

**Alberto GONZALES, Attorney
General,[1] Respondent.**

**No. 03–41099–ag.**

United States Court of Appeals,
Second Circuit.

Dec. 1, 2005.

Gerald Karikari, New York, NY, for Petitioner.

David E. Nahmias, United States Attorney for the Northern District of Georgia, Sharon D. Stokes, Assistant United States Attorney, Atlanta, GA, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT A. KATZMANN, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Wen–Qin Feng, a native and citizen of the People's Republic of China, has filed a timely petition for review of a November 25, 2003 decision by the Board of Immigration Appeals ("BIA"). The BIA decision affirmed the July 2002 decision of an immigration judge ("IJ") denying Feng's application for political asylum and withholding of removal.[2] We assume the parties' fa-

---

1. United States Attorney General Alberto Gonzales is substituted for former Attorney General John Ashcroft as respondent. *See* Fed. R.App. P. 43(c)(2).

2. In the proceedings below, Feng also requested withholding of removal pursuant to

the Convention Against Torture ("CAT"), which was denied by the IJ and the BIA. Because Feng has failed to present any factual or legal arguments in his appellate brief as to why he is entitled to such relief, we deem that claim to be abandoned. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998)

miliarity with the facts, the procedural history, and the scope of the issues presented in the petition for review, which we reference only as necessary to explain our decision.

Where, as here, the BIA summarily affirms the IJ's opinion, we review the IJ's decision directly, and will defer to the factual determinations made therein where they are supported by substantial evidence. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305–07 (2d Cir.2003).

In *Diallo v. INS*, 232 F.3d 279 (2d Cir. 2000), we explained that an IJ is required to make an explicit credibility determination that includes an examination of the effect of the applicant's corroborating documents on his credibility. As explained in *Diallo*, "[i]n making their [credibility] determinations, the IJ and the BIA should consider the underlying consistency and plausibility of [the applicant's] story, the extent to which it was corroborated, and the believability of the explanations [the applicant] offered for failing to provide further corroboration." *Diallo*, 232 F.3d at 290. An alien's testimony, if credible, may be sufficient to sustain his burden of proof. *See id.* at 285 (recognizing that "consistent, detailed, and credible testimony may be sufficient to carry the alien's burden"). Nevertheless, where the circumstances suggest that an applicant has, or could reasonably be expected to gain, access to relevant corroborating evidence, his failure to produce such evidence is a factor that may be weighed in considering whether he has satisfied the burden of proof. *See id.* (explaining that "evidence corroborating [the applicant's] story, or an explanation for its absence, may be required where it

("Issues not sufficiently argued in the briefs are considered waived and normally will not

would reasonably be expected"); *see also Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir.2003) (noting that rejection of asylum claim for lack of corroboration requires IJ and BIA (1) to identify particular corroborating evidence that is lacking, and (2) to show that such evidence was reasonably available to the applicant).

■ Here, while the IJ never expressly stated that Feng was not a credible witness, an independent review of the record indicates that she clearly made a credibility finding as contemplated by *Diallo*. Specifically, the IJ noted that "[a]fter fully considering [Feng's] testimony . . . I find that it is not a plausible account," a finding which is supported by substantial evidence. With regard to the asylum claim, the IJ provided specific examples in the record to support her finding that Feng's testimony was not plausible, including the fact that Feng was permitted to leave China using a passport issued in his own name despite the fact that government officials were allegedly looking for him at that time. Moreover, Feng's testimony and his documentary evidence were inconsistent with respect to the number of sisters he has, and their ages at the time of the November 2000 events which formed the basis of his application. Finally, the IJ identified specific pieces of corroborative evidence which were missing, and properly noted that Feng's failure to submit a statement from his sister undermined the reliability of his claim. The IJ explained that such a statement was reasonably available because Feng's sister had recently provided Feng with other evidence which he had submitted to the immigration court, and that such a statement would have been particularly probative given the fact that Feng's sister, unlike Feng, had allegedly

be addressed on appeal.").

witnessed the November 2000 incident. The BIA correctly affirmed, and we conclude that corroboration was reasonable in this case.

Because Feng failed to establish his eligibility for asylum, the IJ properly concluded that he was precluded from satisfying the heavier burden for withholding of removal. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 71 (2d Cir.2004).

We have considered all of Feng's other claims and find them to be without merit. The petition for review is therefore DENIED. Having completed our review, the stay of deportation previously granted in this petition is VACATED.